IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **J&C ADVENTURES, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | |
| | § | |
| **NATIONWIDE EXCESS & SURPLUS** | § | **CIVIL ACTION NO. 1:19-CV-00583** |
| **INSURANCE COMPANY D/B/A** | § | **JURY** |
| **NATIONWIDE, AND SCOTTSDALE** | § | |
| **INSURANCE COMPANY AND HAAG** | § | |
| **ENGINEERING,** | § | |
| *Defendants*. | § | |

## SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), files its Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, on the basis of diversity of citizenship, improper joinder, and amount in controversy, and respectfully shows the following:

### I.   PROCEDURAL BACKGROUND

1.     On October 8, 2019, Plaintiff, J&C Adventures, Inc. ("J&C" or "Plaintiff") filed its Original Petition in a case styled *J&C Adventures, Inc. v. Nationwide Excess & Surplus Insurance Company d/b/a Nationwide, Scottsdale Insurance Company, and Haag Engineering*, Cause No. 60843, pending in the 88th Judicial District Court of Hardin County, Texas.

2.     Scottsdale received notice of the Plaintiff's Original Petition on October 18, 2019.

3.     Scottsdale files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. § 1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.      Attached hereto are copies of the following documents:

- **Exhibit 1:**    Plaintiff's Original Petition;

- **Exhibit 2:**    Defendant Scottsdale Insurance Company's Answer to Plaintiff's Original Petition

- **Exhibit 3:**    Defendant Haag Engineering's Original Answer; and

- **Exhibit 4:**    List of Parties and Counsel and Other Information.

## II.   BASES FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.  Plaintiff and Defendants are diverse.**

7**.      Plaintiff**, J&C Adventures, Inc. is a Domestic For Profit Corporation.

8.      **Defendant,** Scottsdale Insurance Company, is, and was at the time the lawsuit was filed, incorporated under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona. Scottsdale is therefore not a citizen of the State of Texas for diversity purposes.

9.      **Defendant**, Nationwide Excess & Surplus Insurance Company d/b/a Nationwide is not an actual entity, did not issue any insurance policies, and has been incorrectly sued in this case.  Nationwide Mutual Insurance Company, is, and was at the time the lawsuit was filed, a citizen of the State of Ohio with its principal place of business in Columbus, Ohio.  Thus, Nationwide Mutual Insurance Company is a citizen and resident of the State of Ohio for diversity purposes. Furthermore, Nationwide Mutual Insurance Company did not issue the subject policy and Nationwide Mutual Insurance Company is not a citizen of the State of Texas

for diversity purposes.  As acknowledged below in Paragraph 12, the correct insurer that issued the insurance policy to Plaintiff in this case is Defendant Scottsdale Insurance Company.

10.     **Defendant**, Haag Engineering ("Haag"), upon information and belief, is a Domestic Corporation engaged in the business of engineering and consulting. Haag is authorized to transact business and has transacted business in Texas. However, it is Scottsdale's position that Haag has been improperly joined in this action. Therefore, as explained below, the Texas citizenship of Haag should be disregarded for the purposes of evaluating diversity in this matter.

11.     Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendants.

**B. Defendant Nationwide Excess & Surplus Insurance Company d/b/a Nationwide has been improperly joined in this lawsuit.**

12.     Scottsdale acknowledges Scottsdale Insurance Company issued the subject policy to Plaintiff, Policy No. CPS2584581, with effective dates of November 21, 2016 through November 21, 2017:



| COMMON POLICY DECLARATIONS | | |
|---|---|---|
| Rewrite of CPS2315680 | SCOTTSDALE INSURANCE COMPANY® Home Office: One Nationwide Plaza • Columbus, Ohio 43215 Administrative Office: 8877 North Gainey Center Drive • Scottsdale, Arizona 85258 1-800-423-7675 A STOCK COMPANY | **Policy Number** CPS2584581 |

ITEM 1.  Named Insured and Mailing Address
  J & C ADVENTURES INC
  135 DENNIS RD
  LUMBERTON HARDIN CO, TX  77657

Agent Name and Address
  LOUIS A. WILLIAMS & ASSOC., INC.

  PO DRAWER 1309
  MARSHALL, TX  75671        Agent No.: _42015_   Program No.: _NONE_
ITEM 2. Policy Period        From:  11/21/2016        To:  11/21/2017        Term: 365 DAYS
        12:01 A.M., Standard Time at the mailing address shown in ITEM 1.

**C.      Defendant Haag Engineering has been improperly joined in this lawsuit.**

13.      Haag is an independent engineering consultant utilized by Scottsdale. Haag is not an independent adjusting company and Haag does not make claim decisions. Courts in Texas have held that engineers who investigate and consult with insurance companies in the adjustment of a claim are not "persons" engaged in the business of insurance and an independent engineering firm hired by an insurance company to investigate a claim is not "engaged in the business of insurance" under the Texas Insurance Code. *See Michaels v. Safeco Insurance Company of Indiana,* 544 F. App'x 535 (5th Cir. 2013). *See also Craig Penfold Properties, Inc. v. Travelers Casualty Insurance Company,* 2014 WL 4055356, at *5 (N.D. Tex. Aug. 14, 2014) (quoting *Michaels* at 540).   This argument is applicable in this case as Haag was not hired or retained to adjust the claim made by the Plaintiff. Here, the essence of Plaintiff's Petition is that Scottsdale wrongfully denied coverage and breached its duties as the insurance carrier. Nevertheless, Plaintiff attempts to impute the duties owed by an *insurer* to Haag. It is Scottsdale's position that Haag is improperly joined in this action and it is, therefore, not a proper party to this lawsuit. Consequently, the Texas citizenship of Haag should be disregarded for the purposes of evaluating diversity in this matter.   The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants do not defeat federal removal jurisdiction premised on diversity.   *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

14.      The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*).   Under the

second method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

15.     A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573). "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

16.     If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated that "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[1] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading

[1] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573. This test does not mention a state pleading standard.

standard embodied in that analysis." *Id.* at *8.  Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.''" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).

17.     Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, Courts in the Fifth Circuit require plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."  *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011).

18.     Here, Plaintiff fails to offer any specific actionable facts to support its claims against Haag. Plaintiff alleges civil conspiracy between Scottsdale and Haag. Plaintiff fails to plead how the elements of conspiracy are satisfied. Although Plaintiff is required to sufficiently plead each and every element, here Plaintiff failed to provide even minimal detail as to how any of the elements of civil conspiracy are satisfied. For example, Plaintiff fails to identify with any specificity an unlawful, overt act undertaken by the Defendants.[2] Plaintiff has failed to adequately plead each and every element of civil conspiracy Therefore, Plaintiff fails to state viable state law claims against HAAG.  *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau*

---

[2] "For liability to attach, there must be an unlawful, overt act in furtherance of the conspiracy." *Massey v. Armco Steel Co.*, 652 S.W. 2d 932, 934 (Tex. 1983).

*Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

19.     Plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.  Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

20.     Plaintiff does not offer any factual support for its claims against Haag for which it may be held liable. Plaintiff fails to make the required "factual fit between [its] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

21.     Based upon the foregoing, it is evident that Haag was improperly joined in the lawsuit in an effort to defeat diversity jurisdiction.

22.     The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Scottsdale owes Plaintiff any additional payment or payment under the policy for the claimed loss.  Plaintiff's claim is for economic losses against Scottsdale, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim exists that may preclude Plaintiff's actions for alleged bad faith and Insurance Code violations. Therefore, Plaintiff's assertions against Haag, the non-diverse defendant, fails to show any likelihood of recovery against Haag. As such, this Court should disregard the citizenship of Haag, the non-diverse defendant.  And the Court should find removal of this case is proper.

## D.   The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

23.     In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

24.     This is a civil action in which the amount in controversy exceeds $75,000.  The Plaintiff's petition Paragraph 6 indicates "Plaintiff seeks damages between $200,000.00 - $1,000,000.00." This demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.     THIS REMOVAL IS PROCEDURALLY CORRECT

25.     Scottsdale received service of this lawsuit on October 18, 2019.  Thus, Scottsdale is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

26.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii)  a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

27.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

28.     Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

29.     Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Hardin County District Court pursuant to 28 U.S.C. §1446(d).

30.     Defendant Nationwide improperly named as Nationwide Excess & Surplus Insurance Company consents to this removal.

31.     Defendant Haag Engineering consents to this removal.

## IV.   CONCLUSION

32.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Scottsdale Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:   */s/ George Arnold*
       **George H. Arnold – Attorney in Charge**
       State Bar No. 00783559
       garnold@thompsoncoe.com
       **Susan Sparks Usery**
       State Bar No. 18880100
       susery@thompsoncoe.com
       THOMPSON, COE, COUSINS & IRONS, LLP
       One Riverway, Suite 1400
       Houston, Texas  77056
       Telephone:  (713) 403-8210
       Facsimile:   (713) 403-8299

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of November, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

| | |
|---|---|
| E. Hart Green | James L. Sowder |
| WELLER, GREEN, TOUPS & TERRELL, LLP | Benjamin L. Weible |
| P.O. Box 350 | THOMPSON, COE, COUSINS & IRONS, LLP |
| Beaumont, Texas 77704-0350 | Plaza of the Americas |
| hartgr@wgttlaw.com | 700 N. Pearl Street, 25th Floor |
| *Attorney for Plaintiff* | Dallas, Texas  75201 |
| | jsowder@thompsoncoe.com |
| | bweible@thompsoncoe.com |
| | *Attorneys for Defendant* |
| | *Haag Engineering* |

       */s/ George Arnold*
       George Arnold