Filed: 10/8/2019 4:05 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

60843

CAUSE NO. _____

| | | |
|---|---|---|
| J&C ADVENTURES, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARDIN COUNTY, TEXAS |
| | § | |
| NATIONWIDE EXCESS & SURPLUS INSURANCE | § | |
| COMPANY D/B/A NATIONWIDE, | § | |
| SCOTTSDALE INSURANCE COMPANY AND | § | 88TH |
| HAAG ENGINEERING | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, J&C ADVENTURES, INC., and files this Original Petition and Request for Disclosure, and respectfully shows the Court the following:

### I.   DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under discovery Level III of the Texas Rules of Civil Procedure.

### II.   PARTIES

2. Plaintiff's property is located at 135 Dennis Road, Lumberton, Hardin County, Texas.

3. Defendant, NATIONWIDE EXCESS & SURPLUS INSURANCE D/B/A NATIONWIDE, is a domestic corporation which may be served with process via U.S.P.S. Certified Mail, Return Receipt Requested, through the **Commissioner of Insurance at P.O. Box 149104, Austin, TX 78714-9104.**

4. Defendant, SCOTTSDALE INSURANCE COMPANY, is a domestic corporation which may be served with process via U.S.P.S. Certified Mail, Return Receipt Requested, through the

**EXHIBIT 1**

Filed: 10/8/2019 4:05 P
Dana Hogg, District Cle
Hardin County, Texa
By: Tracie Morga

Commissioner of Insurance at P.O. Box 149104, Austin, TX 78714-9104.

5.      Defendant, HAAG ENGINEERING, is a domestic corporation which may be served with process by serving its registered agent for service in the state of Texas: **Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, TX 75201.**

### III.  JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter as this is an action for damages within the minimum jurisdictional limits of this Court. Plaintiff seeks damages of between $200,000.00 - $1,000,000.00.

7.      The Court also has jurisdiction in that Scottsdale Insurance Company has contractually agreed with Plaintiff that Scottsdale Insurance Company will submit to the jurisdiction of any court of competent jurisdiction within the United States (see excerpt from Plaintiff's policy with Scottsdale Insurance Company, attached hereto and fully incorporated herein, as Exhibit 1). This Court is a court of competent jurisdiction within the United States and, therefore, Scottsdale Insurance Company has agreed to be sued in this Court.

8.      Venue is proper in Hardin County, Texas pursuant to Tex. Prac. & Rem. Code 15.002 in that all or a substantial part of the claims or cause of action arose in Hardin County, Texas.

9.      Venue is proper in Hardin County, Texas pursuant to Tex. Prac. & Rem. Code 15.032 in that the loss occurred in Hardin County, Texas.

10.      Additionally, this is a suit on an insurance policy with the proceeds to be paid in Hardin County, Texas and venue is proper pursuant to Tex. Prac. & Rem Code 15.035.

### IV.  FACTS

11.      At the time Hurricane Harvey struck, J&C ADVENTURES, INC. was the named

Filed: 10/8/2019 4:05 Pl
Dana Hogg, District Cler
Hardin County, Texa
By: Tracie Morga

insured under Policy Number CPS2584581. The policy was issued by Scottsdale Insurance Company. The policy was underwritten by Scottsdale Insurance Company. Buried in the body of the policy was the fact that the policy had been placed with a "Nationwide" Insurance Company. "Nationwide" is a d/b/a for Nationwide Excess & Surplus Insurance. Whenever the phrase "Scottsdale Insurance Company" or "Nationwide" is used, it means both entities. The policy that indicates it is written and underwritten by Scottsdale Insurance Company provided windstorm coverage on an ACV basis in the amount of $625,000.00, and content coverage.

12.     The business located at 135 Dennis suffered Harvey damage (property, contents and business loss), which caused water leaks through the interior of the building through the roof. The property did not flood due to surface water.

13.     Sometime on or after September 6, 2017 Scottsdale/Nationwide, in an undated letter, acknowledged receipt of the claim and assigned claim number 01785031. The claim for business income was denied in a letter dated October 9, 2017.

14.     The insured disputed the income claim denial and hired several contractors for estimates. The contractors determined damage was caused by Hurricane Harvey and estimates were provided to Defendants. In response Nationwide hired HAAG Engineering to inspect the property. Everett Lenhart and David Teasdale, on behalf of HAAG, in conspiring with the other, created a pretextual denial of Plaintiff's claims. In a letter dated April 30, 2018, the property damage claim was denied.

15.     In the letter of April 2018, Scottsdale/Nationwide admitted that the field adjuster did find wind damage to the property, specifically the fencing. We believe the HAAG Engineering Report was pretextual in nature. Had any of the adjusters involved in the handling of the claim, the supervisors performing file reviews, or agents including HAAG Engineering,

Filed: 10/8/2019 4:05 PI
Dana Hogg, District Cler
Hardin County, Texa
By: Tracie Morga

performed a reasonable investigation into the claim, rather than a pretextual investigation, the following facts would have been uncovered:

1.  The building was standing during Hurricane Humberto in 2013.   There was no water damage;

2.  The building was standing during Hurricane Rita in 2005.   There was no damage to the building;

3.  The building was standing in 2008 during Hurricane Ike.   There was no damage.

## CONSTRUCTION

### Age of the Roof and Average Condition

16.   In December 2016, Scottsdale Insurance Company, through Lewis Williams and Associates and Northstar Reports, had the property inspected for underwriting purposes.   A copy of the inspection should be in with the underwriting and investigation file. Of import are the following notations:

1.  Roof was of average condition;

2.  Roof had no obvious hail damage;

3.  Roof had no obvious wind damage;

4.  Roof had no shingle issues;

5.  Roof had no "other" conditions;

6.  **THERE WERE NO INDICATIONS OF WATER INTRUSION. IT HAS A METAL ROOF** [*emphasis added*]

### "Loss History"

17.   It was noted that there were no previous losses.

18.   Photographs of the interior were taken showing that there was no water damage.

19.   There was also a "valuation detail report" that was generated on or about January

Filed: 10/8/2019 4:05 PM
Dana Hogg, District Cler
Hardin County, Texa
By: Tracie Morga

1, 2017 noting the cost as of June 2016.   The expiration date of the report was January, 2018.

The valuation report notes that the construction quality was average +.   The above information is

something that was easily ascertainable and in fact most if not all of this information would be in

possession of all Defendants at the time of the investigation.   A little more digging would have

found the following:

> a.   Appraisal Report of September 2012, five (5) years before the storm, with several photographs of the interior showing no water damage to ceiling tiles in the areas that were adversely affected by Harvey.
>
> b.   J&C Adventures had hosted a Chamber of Commerce event, in the facility, about eight (8) days before Harvey hit.   Photographs were taken showing the condition of the interior, specifically that there was no water damage.

## V.   CAUSES OF ACTION

### Breach of Contract

**20.**   The acts and omissions in failing to timely and properly adjust the claim, and pay

amounts owed, constitute breach of contract by Scottsdale/Nationwide.

### Adjusters' Insurance Code Violations

**21.**   The acts and omissions of the various adjusters in failing to properly and timely

investigate the claim constitute a violation of the Texas Insurance Code §541.060(a)(1); (3).

### Insurance Company

**22.**   The acts and omissions of the Insurance Companies constitute violations of the

Texas Insurance Code §541.060(a)(2), (3),(7).

**23.**   The acts and omissions also constitute a violation of §541.061.

**24.**   The failure to timely pay the amount owed violate §542.003(b)(1), (3), (4).

**25.**   The acts and omissions of the Insurance Company also constitute a violation of

§542.051 et seq., specifically §542.055-§542.058.

Filed: 10/8/2019 4:05 PM
Dana Hogg, District Cler
Hardin County, Texa
By: Tracie Morga

26.     The violations of the Insurance Code are also violations of the Texas Deceptive Trade Practice Act.   Additionally, violation of the Texas Deceptive Trade Practice Act is a violation of the Texas Insurance Code.

27.     The acts and omissions of the Insurance Companies constitute violations of Texas Business and Commerce Code 17.46(b)(2), (3), (5), (12).

<u>HAAG Engineering</u>

28.     HAAG Engineering's business, in large part, is performing investigations on behalf of insurance companies. They rarely work for the injured insured. They have a business model of plan that entails and involves performing pretextual reports supporting an insurance company's reason to deny a claim. (An example, especially as it relates to first-party property damage catastrophe claims, HAAG Engineering advertises a number of reports that are all insurance industry slanted, including wind effects on asphalt shingles, hail-damaged asphalt roof shingles, and others all listed on the technical papers page of their website.) HAAG Engineering was acting in conspiracy and/or joint enterprise with the other named parties to pretextually deny the Plaintiff's claim. HAAG did so for financial profit.

29.     Scottsdale/Nationwide knew what HAAG Engineering would say before HAAG was hired and before the report was written. HAAG is responsible in part for the Plaintiff's denials. Scottsdale/Nationwide hired HAAG for the fraudulent purpose of providing "cover" for the denials.

VI.     **RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**

30.     Scottsdale/Nationwide is legally obligated and responsible for all damages caused by the adjusters and by HAAG.   All the acts and omissions were performed in the course and scope of their employment.

Filed: 10/8/2019 4:05 Pl
Dana Hogg, District Cle
Hardin County, Texa
By: Tracie Morga

## VII.   DAMAGES

31.     All Defendants are jointly liable for the damages suffered by Plaintiff which include, but are not limited to:

1) Income loss owed under the policy;

2) Property damage owed under the contract, including:

a.   Structural damage;

b.   Electrical work;

c.   Temporary repairs in mitigation.

3) Exemplary/punitive damages;

4) Attorney's fees of $14,500.00;

5) All damages caused by its adjusters and its agent, HAAG Engineering;

6) Contents; and,

7) All other damages caused by Defendants.

## VIII.   RULE 194 REQUEST FOR DISCLOSURE

32.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that the Defendants be cited to appear and answer herein, as the law directs and that upon final hearing, Plaintiff has and recovers judgment of and from the Defendants, both jointly and severally in a sum in excess of the

Filed: 10/8/2019 4:05 PI
Dana Hogg, District Cler
Hardin County, Texa
By: Tracie Morga

minimum jurisdictional limits of this Court, in addition to costs of Court, pre-judgment and post-judgment interest which may be authorized by law and that Plaintiff has such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL L.L.P.**
P.O. BOX 350
BEAUMONT, TX 77704-0350
(409) 838-0101
(409) 832-7823 FAX

BY: _____
E. HART GREEN
STATE BAR NO. 08349290
hartgr@wgttlaw.com

**ATTORNEY FOR PLAINTIFF**

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

BY_____
E. HART GREEN

# SCOTTSDALE INSURANCE COMPANY®
## SCHEDULE OF FORMS AND ENDORSEMENTS

Policy No. ___CPS2584581___    Effective Date: ___11/21/2016___
                                            12:01 A.M., Standard Time

Named Insured ___J & C ADVENTURES INC___    Agent No. ___42015___

```
COMMON FORMS
UTS-COVPG  1-16        Cover Page
OPS-D-1  8-10          Common Policy Declarations
UTS-SP-2   12-95       Schedule Of Forms and Endorsements
UTS-SP-3  8-96         Locations Schedule
IL 00 17  11-98        Common Policy Conditions
IL 09 53  1-15         Excl-Certified Acts Terrorism
UTS-9g  5-96           Service Of Suit Clause
UTS-119g  6-14         Minimum Earned Cancellation Premium

PROPERTY FORMS
CPS-SD-1  2-16         Property Supplemental Dec
CP 00 10  10-12        Building & Personal Prop Cov
CP 00 30  10-12        Business Income With Extra Expense Cov
CP 00 90  7-88         Property Conditions
CP 01 40  7-06         Excl Of Loss Due To Virus Or Bacteria
CP 02 99  6-07         Cancellation Changes
CP 10 30  10-12        Causes Of Loss-Special Form
CP 12 11  10-00        Burglary-Rob Protect Safeguard
UTS-183g  8-10         Windstorm Or Hail Ded

STATE FORMS
IL 01 68  3-12         TX-Changes-Duties
UTS-230g-TX  9-94      TX-Prompt Payment of Claims

POLICYHOLDER NOTICES
NOTX0178CW  3-16       Claim Reporting Information
NOTS0065TX  6-15       TX-Important Notice
NOTS0079TX  4-09       TX-Required Notice
```

## ADDITIONAL FORMS

UTS-SP-2 (12-95)                    INSURED                    utsop2h.fap

Filed: 10/8/2019 4:05 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Tracie Morgan

 **SCOTTSDALE INSURANCE COMPANY®**

**ENDORSEMENT NO.** _____

| ATTACHED TO AND FORMING A PART OF POLICY NUMBER | ENDORSEMENT EFFECTIVE DATE (12:01 A.M. STANDARD TIME) | NAMED INSURED | AGENT NO. |
|---|---|---|---|
| CPS2584581 | 11/21/2016 | J & C ADVENTURES INC | 42015 |

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### SERVICE OF SUIT CLAUSE

It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give the Court jurisdiction. All matters which arise will be determined in accordance with the law and practice of the Court. In a suit instituted against any one of them under this contract, the Company agrees to abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

Pursuant to any statute of any state, territory or district of the United States of America which makes a provision, the Company will designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit, or proceeding instituted by or on behalf of the Insured (or reinsured) or any beneficiary arising out of this contract of insurance (or reinsurance).

The officer named below is authorized and directed to accept service of process on behalf of the Company:

COMMISSIONER OF INSURANCE

PO BOX 149104

AUSTIN, TEXAS 78714-9104

Having accepted service of process on behalf of the Company, the officer is authorized to mail the process or a true copy to:

CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN, TX 78701-3218

---

AUTHORIZED REPRESENTATIVE        DATE

INSURED

uts9gc.fap